BARBARA CRAY, ESQ.(Bar #88181)
LAW OFFICES OF BARBARA CRAY
303 Twin Dolphin Dr., 6th Floor
Redwood Shores, CA 94065
(650) 654-2729
(650) 654-2727 (facsimile)

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ARZADON,<br><br>          Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., dba WELLS FARGO CARD SERVICES, CANDY DOE, an individual, VAN RU CREDIT CORPORATION<br>          Defendants. | Case No.  C 07 2667 JCS<br><br>**ANSWER OF WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE LAW REGULATING CONSUMER DEBT COLLECTION** |

COMES NOW defendant Wells Fargo Bank, N.A., named herein as Wells Fargo Bank, N.A., dba Wells Fargo Card Services, and behalf of itself alone, and no other defendant herein, hereby answers the Second Amended Complaint for Violation of Federal and State Law Regulating Consumer Debt Collection (hereinafter "Complaint") as follows:

Defendant Wells Fargo Bank, N.A. (hereinafter "defendant") initially notes that as to those allegations which are denied for lack of information or belief, defendant lacks information or belief sufficient to permit it to admit or deny such allegations, and on that basis the same are denied.

___

**ANSWER OF WELLS FARGO BANK, N.A. TO SECOND AMENDED
COMPLAINT FOR VIOLATION OF FEDERAL AND STATE LAW
REGULATING CONSUMER DEBT COLLECTION**

1. In answer to the allegations of paragraph 1, defendant admits that plaintiff sets forth the citations of the California and federal Fair Debt Collection Practices Act, and quotes a portion of California Civil Code Section 1788.17. In answer to the remaining allegations of paragraph 1, defendant denies said allegations for lack of information or belief.

2. In answer to the allegations of paragraph 2, defendant admit that plaintiff quotes a portion of California Civil Code Section 1788.2(c). In answer to the remaining allegations of paragraph 2, defendant denies said allegations.

3. In answer to the allegations of paragraph 3, defendant admits that plaintiff quotes a portion of 15 U.S.C. Section 1692(a)(2). In answer to the remaining allegations of paragraph 3, defendant denies said allegations.

4. In answer to the allegations of paragraph 4, defendant denies said allegations.

5. In answer to the allegations of paragraph 5, defendant denies this allegation in that it has removed the Complaint in this action to the federal court based upon federal subject matter jurisdiction.

6. In answer to the allegations of paragraph 6, defendant denies this allegation in that it has removed the Complaint in this action to the federal court based upon federal subject matter jurisdiction.

7. In answer to the allegations of paragraph 7, defendant denies said allegations for lack of information or belief.

8. In answer to the allegations of paragraph 8, defendant denies said allegations.

9. In answer to the allegations of paragraph 9, defendant admits that CSC-Lawyers Incorporating Service is an agent for service of process on defendant. In answer to the remaining

---

**ANSWER OF WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE LAW REGULATING CONSUMER DEBT COLLECTION**

allegations of the complaint, defendant denies said allegations for lack of information or belief.

      10.      In answer to the allegations of paragraph 10, defendant denies said allegations for lack of information or belief.

      11.      In answer to the allegations of paragraph 11, defendant denies said allegations.

      12.      In answer to the allegations of paragraph 12, defendant denies said allegations for lack of information or belief.

      13.      In answer to the allegations of paragraph 13, defendant denies said allegations.

      14.      In answer to the allegations of paragraph 14, defendant denies said allegations for lack of information or belief.

      15.      In answer to the allegations of paragraph 15, defendant denies said allegations for lack of information and belief.

      16.      In answer to the allegations of paragraph 16, defendant denies said allegations for lack of information or belief.

      17.      In answer to the allegations of paragraph 17, defendant admits that plaintiff had a Visa credit card account with defendant ending in "9745." In answer to the remaining allegations of paragraph 17, defendant denies said allegations.

      18.      In answer to the allegations of paragraph 18, defendant denies the allegation as to the use of the account ending in "9745" for lack of information and belief. In answer to the remaining allegations of paragraph 18, defendant denies said allegations.

      19.      In answer to the allegations of paragraph 19, defendant denies said allegations for lack of information or belief.

      20.      In answer to the allegations of paragraph 20, defendant denies said allegations for

_____
**ANSWER OF WELLS FARGO BANK, N.A. TO SECOND AMENDED
COMPLAINT FOR VIOLATION OF FEDERAL AND STATE LAW
REGULATING CONSUMER DEBT COLLECTION**

3

lack of information or belief.

21.     In answer to the allegations of paragraph 21, defendant denies said allegations for lack of information or belief.

22.     In answer to the allegations of paragraph 22, defendant denies said allegations.

23.     In answer to the allegations of paragraph 23, defendant admits that it received the document identified as Exhibit A on January 17, 2007.  In answer to the remaining allegations of paragraph 23, defendant denies said allegations.

24.     In answer to the allegations of paragraph 24, defendant admits that plaintiff has quoted a portion of California Civil Code Section 1788.14(c).  In answer to the remaining allegations of paragraph 24, defendant denies said allegations.

25.     In answer to the allegations of paragraph 25, defendant admits that plaintiff has quoted a portion of 15 U.S.C. Section 1692(a)(2).  In answer to the remaining allegations of paragraph 25, defendant denies said allegations.

26.     In answer to the allegations of paragraph 26, defendant admits that Exhibits D, E and F were sent to plaintiff as set forth on the exhibits.  Defendant denies that Exhibit G was sent to plaintiff for lack of information or belief.  In answer to the remaining allegations of paragraph 26, defendant denies said allegations.

27.     In answer to the allegations of paragraph 27, defendant admits that plaintiff's line of credit account number 6626625551056001 was assigned to Van Ru Credit Corporation for collection. In answer to the remaining allegations of paragraph 27, defendant denies said allegations.

28.     In answer to the allegations of paragraph 28, defendant incorporates its answers herein to paragraphs 1 through 27.

_____
**ANSWER OF WELLS FARGO BANK, N.A. TO SECOND AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE LAW REGULATING CONSUMER DEBT COLLECTION**

29. In answer to the allegations of paragraph 29, defendant admits that plaintiff has quoted a certain portion of California Civil Code Section 1788.14(c). In answer to the remaining allegations of paragraph 29, defendant denies said allegations.

## AFFIRMATIVE DEFENSES

1. As a first, separate and distinct affirmative defense to the Complaint, defendant alleges that plaintiff's complaint fails to state facts sufficient to constitute a claim for relief against defendant.

2. As a second, separate and distinct affirmative defense to the Complaint, defendant alleges that it is not a "debt collector" under federal or state law.

3. As a third, separate and distinct affirmative defense to the Complaint, defendant alleges that plaintiff did not give notice to contact only her attorney except as to Visa credit card account number 4465390090649745.

4. As a fourth, separate and distinct affirmative defense to the Complaint, defendant alleges that if there was any violation by defendant, which defendant disputes, any violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.  (Civil Code Section 1788.30(e).)

5. As a fifth, separate and distinct affirmative defense to the Complaint, defendant alleges that if there was any violation by defendant, which defendant disputes, any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  (15 U.S.C. Section 1892k(c).)

6. As an sixth, separate and distinct affirmative defense to the Complaint, defendant alleges that plaintiff's claims, if any, are barred by the doctrines of estoppel and waiver.

---
**ANSWER OF WELLS FARGO BANK, N.A. TO SECOND AMENDED**
**COMPLAINT FOR VIOLATION OF FEDERAL AND STATE LAW**
**REGULATING CONSUMER DEBT COLLECTION**

7. As a seventh, separate and distinct affirmative defense to the Complaint, defendant alleges that plaintiff's right to recover, if any she had, is barred by doctrines of unclean hands and laches.

8. As an eighth, separate and distinct affirmative defense to the Complaint, defendant alleges that plaintiff has suffered no damages due to any alleged acts of defendant.

9. As a ninth, separate and distinct affirmative defense to the Complaint, defendant alleges that plaintiff's claims are barred by operation of Civil Code Section 1788.30(d).

10. As a tenth, separate and distinct affirmative defense to the Complaint, defendant alleges that plaintiff's own action or those of her attorney prevented defendant from being able to act pursuant to Civil Code Section 1788.30(c).

## PRAYER FOR RELIEF

WHEREFORE, defendant prays as follows:

1. That the complaint be dismissed with prejudice as to defendant;

2. For costs of suit incurred herein, including reasonable attorney's fees; and

3. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF BARBARA CRAY

Dated: June 4, 2007                /s/ Barbara Cray_____
                                   BARBARA CRAY
                                   Attorneys for Defendant
                                   WELLS FARGO BANK, N.A.

_____
**ANSWER OF WELLS FARGO BANK, N.A. TO SECOND AMENDED**
**COMPLAINT FOR VIOLATION OF FEDERAL AND STATE LAW**
**REGULATING CONSUMER DEBT COLLECTION**