BARBARA CRAY, ESQ.(Bar #88181)
LAW OFFICES OF BARBARA CRAY
303 Twin Dolphin Dr., 6th Floor
Redwood Shores, CA 94065
(650) 654-2729
(650) 654-2727 (facsimile)

Attorneys for Defendant
WELLS FARGO BANK, N.A. and
VAN RU CREDIT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA ARZADON,<br><br>          Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>          Defendants.<br>_____ | Case No.  C 07 2667 JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

     Plaintiff and defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Van Ru Credit Corporation ("Van Ru") hereby provides this Joint Case Management Statement pursuant to Civil Local Rule 16-9.

Jurisdiction and Service

     This case was removed from the San Francisco Superior Court by both defendants based upon federal question jurisdiction, specifically, the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1601 <u>et seq</u>.  Jurisdiction and venue are proper in this judicial district.  Defendant Candy Doe has not been served.

/ /

Facts

_____
**JOINT CASE MANAGEMENT STATEMENT**                                                                              1

Plaintiff asserts that Mr. Berg as plaintiff's attorney sent three letters to Wells Fargo demanding that communications directly with plaintiff cease and desist and demanding that all contact be with Mr. Berg. The letters alleged to have been sent are as follows:

| Date | Address Sent | Account Referenced |
|---|---|---|
| 12/22/2006 | P.O. Box 10347<br>Des Moines, IA 50306 | Visa account XXXX9745 |
| 12/27/2006 | P.O. Box 4233<br>Portland, OR 97208 | Account No. XXXX1056 |
| 1/7/2007 | P.O. Box 4233<br>Portland, OR 97208 | Account No. XXXX1056 |

Wells Fargo admits that it received the letter dated 12/22/2006 as to the Visa account, and asserts that it immediately took all steps necessary to prevent any further communication with the plaintiff, and that no further communication occurred with plaintiff as to any credit card accounts. Plaintiff asserts that collection communications did not stop.

Wells Fargo asserts that it did not receive the 12/27/2006 or 1/7/2007 letters, which related to an unsecured line of credit held by plaintiff with Wells Fargo. As a result, there was some limited communication with the debtor relating to collection on the line of credit account. In April of 2007 Wells Fargo assigned the line of credit account to Van Ru, not knowing of the alleged cease and desist letters relating to the line of credit account. As result, Van Ru had some limited contact with plaintiff regarding collection of the line of credit account. Mr. Berg subsequently sent a cease and desist letter to Van Ru, and Van Ru immediately ceased further collection effort. Wells Fargo asserts that it was not aware that plaintiff contended that cease and desist letters had been sent as to the line of credit account until the service of the First Amended Complaint, on or about April 24, 2007. Plaintiff disputes this report.

Since the removal of this action, plaintiff has filed a Chapter 7 no-asset bankruptcy

proceeding as to her debts, including the debts owed by plaintiff to Wells Fargo.

Plaintiff asserts as damages statutory damages of $2,000 per defendant, plus attorneys fees.

The principal factual issues in dispute are:

1. Whether plaintiff's counsel sent the 12/27/06 and 1/7/07 letters to Wells Fargo.

2. Whether Wells Fargo received the 12/27/06 and 1/7/07 letters.

3. If Wells Fargo is considered to have received the letters, whether the violation of the federal and state Fair Debt Collection Practices Acts were not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violations.

4. If Wells Fargo is considered to have received the letters, whether the violation of the federal and state Fair Debt Collection Practices Acts were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors.

Legal Issues

The legal issues as to which the parties are currently aware are:

1. Whether Wells Fargo is a "debt collector" and therefore subject to the federal Fair Debt Collection Practices Act or the California Fair Debt Collection Practices Act.

2. Can Van Ru have liability for a violation of the federal or state Fair Debt Collection Practices Acts is it was not notified by Wells Fargo of the existence of cease and desist letters.

Motions

There are no currently pending motions. Wells Fargo anticipates bringing a Motion for Summary Judgment.

Amendment of Pleadings

---

**JOINT CASE MANAGEMENT STATEMENT**                                          3

At this time no party anticipates amending their pleadings.

Evidence Preservation

The parties have taken steps required to preserve evidence relevant to the issues reasonably evident in this action.

Disclosures

The parties have made initial disclosure pursuant to Federal Rule of Civil Procedure 26. Plaintiff's disclosure named plaintiff and unnamed "supervisors" of Wells Fargo and Van Ru as witnesses. Plaintiff's documents consisted of the exhibits to the complaint and "[d]efendants' agreements as to documents transferred in support of collecting alleged consumer debts."

Wells Fargo's disclosure named plaintiff's counsel, Mr. Berg, and three specific employees of Wells Fargo who have knowledge regarding receipt of the cease and desist letter as to the Visa account and immediate implementation of procedures to prevent further contact with plaintiff, the procedure for receipt of mail at P.O. Box 4233 in Portland, Oregon, how cease and desist letters are sent for action, action taken once received, and that Wells Fargo has no record of receipt of the letters allegedly sent to the P.O. Box in Portland, Oregon. Wells Fargo produced all account information in its possession relating to the Visa account and the line of credit account.

Discovery

No discovery has been taken yet. The parties anticipate written discovery and depositions of persons disclosed in the Rule 26 disclosures. The parties propose that written discovery be completed by March of 2008, and that depositions be completed by May of 2008.

Class Actions

This action is not a class action.

Related Cases

---

**JOINT CASE MANAGEMENT STATEMENT**                                               4

Except that both Wells Fargo and Van Ru separately removed this action to this Court, there are no related cases.

Relief

Plaintiff seeks statutory damages of $2,000 per defendant and attorney's fees.

Settlement and ADR

The parties have agreed to participate in the Court's mediation program, and the Court has already ordered the case referred to mediation.

Consent to Magistrate Judge for All Purposes

The parties have consented to Magistrate Judge Spero for all purposes.

Other References

The parties are not aware of other references that would be suitable in this action.

Narrowing of Issues

At this time the parties are not aware of how issues can be narrowed in this case.

Expedited Schedule

This case should not be handled on an expedited procedure.

Scheduling

The parties propose that the discovery cut-off be June 1, 2008, the date for designation of experts be May 1, 2008, that the date for hearing summary judgment motions be the week of August 1, 2008, and that the trial date be after September 1, 2008.

/ /

Trial

The trial will be a court trial, and the length of trial is expected to be 3 days.

Disclosure of Non-party Interested Entities

The parties have filed Certifications of Interested Entities or Persons required by Civil

Local Rule 3-16. The parties are not aware of any other persons, firms, partnerships, corporations or other entities known by the parties to have a financial interest in the subject matter in controversy or in a party to the proceeding; or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Other matters

The parties are not aware at this time of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

|  |  |
|---|---|
|  | THE BERG LAW GROUP |
| Dated: September 28, 2007 | /s/ Irving L. Berg _____<br>IRVING L. BERG<br>Attorneys for Plaintiff<br>GLORIA ARZADON |
|  | LAW OFFICES OF BARBARA CRAY |
| Dated: September 28, 2007 | /s/ Barbara Cray_____<br>BARBARA CRAY<br>Attorneys for Defendants<br>WELLS FARGO BANK, N.A. and<br>VAN RU CREDIT CORPORATION |

_____
**JOINT CASE MANAGEMENT STATEMENT**                                                                                       6